Per Curiam
the question arising in this case is-, whether an account can be deemed of personal estate of a deceased person, without making the executor or ad* ministrator a party to the bill ? And we think that there cannot be an account in such case. Humphries wife v. Humphries,* is a direct authority to this point. It is true, that here the Defendants are called executors in the petition ; but it is at the same time said that the deceased died intestate. This, therefore, is an attempt to make executors de son tort answerable to distributees, which we are satisfied, from the reasons mentioned in the case just cited, ought not to be done. Besides these, there i? another consideration that has great weight with us. If a decree should be made for these Petitioners, and the^ should receive the property upder jt, they would them* selves thereby become executors de son tort, which implies a wrongful interference with the property of the in* testate. A Court of Equity can never be accessory to such an act, or so far disregard the rights of creditor?.—» The decree of the Superior Court must, therefore, he ,aD firmed»

 3 Pr. Wm. 345.